IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILFREDO RODRIGUEZ
RODRIGUEZ
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 16-2757CCC
(Related Cr. 10-0251-05CCC)

**OPINION AND ORDER**

Before the Court are Petitioner's 28 U.S.C. § 2255 Habeas Corpus Petition (d.e. 1)[1] and the Government's Response (d.e. 8). After careful consideration of the documents filed, the Court DISMISSED WITH PREJUDICE the Habeas request.

**I. BACKGROUND**

On July 14, 2010, Petitioner Wilfredo Rodríguez Rodríguez (hereinafter "Petitioner" or "Rodríguez Rodríguez") was indicted along with one hundred and nine (109) other co-defendants in a two-count indictment for violations to Title 21, United States Code, Sections 841(a)(1), 846 and 860; Title 18, United States Code, Section 924(c)(1)(A) and (2). (Criminal 10-251, d.e. 3). Petitioner was a named main defendant and was charged in both counts.

On June 24, 2015, Rodríguez Rodríguez pled guilty, pursuant to a Plea Agreement entered with the United States, to count one (1) of the indictment. (Criminal 10-251, d.e. 3466 at p. 1).

---

[1] d.e. stands for docket entry.

On September 30, 2015, 2013, Rodríguez Rodríguez' Sentencing Hearing was held (Criminal 10-251, d.e. 3553). The Court sentenced Petitioner to a term of imprisonment of two hundred and ten (210) months. The court noted that Rodríguez Rodríguez has two (2) cases pending before Judge Domínguez and left the matter of consecutiveness of his sentence to those two (2) cases before Judge Domínguez. (Criminal 10-251, d.e. 3553). Judgment was entered on October 7, 2015. (Criminal 10-251, d.e. 3556). Rodríguez Rodríguez did not file an appeal.

On September 29, 2016, Petitioner filed a timely Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, United States Code, Section 2255 (d.e. 1).

## II. DISCUSSION

### A. Procedural Matter

Petitioner has submitted his Section 2255 request for relief, with the exception of an undeveloped statement paragraph, in the Spanish language (d.e. 1) as such the same can not be considered by the court.

In accordance with the liberal pleading standard of Rule 8(a)(2), of the Federal Rules of Civil procedure, and because Petitioner is proceeding *pro se*, his pleadings are "to be liberally construed." Collazo-Perez v. Commonwealth of Puerto Rico, 100 F.Supp. 3d 88 at 91 (D.P.R. 2015), **citing** Estelle v. Gamble, 429 U.S. 97 at 106 (1976). A pro-se complaint, however in-artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Ibid., Erickson v. Pardus, 551 U.S. 89, 94 (2007).

"The policy behind affording pro-se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Collazo-Perez at 91, **citing** Ahmed v. Rosenblatt, 188 F.3d 886, 890 (1st Cir. 1997).

The First Circuit has ruled that *pro se* litigants are not exempt from the Federal Rules or Local Rules. See Rivera v. Riley, 209 F.3d 24, 27-28 and n.2 (1st Cir. 2000) ("We have held consistently that pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules."). For some matters, *pro se* litigants receive the benefit of the doubt. While a liberal reading may be appropriate in the summary judgment context, it is also true that "[j]udges and magistrate who review these filings must be able to rely on procedural rules so as to avoid becoming the lawyer for the unrepresented plaintiff or devoting an excessive portion of their time to such cases." Marcelo v. Maine, 489 F.Supp. 2d 70 at 77 (D. Me. 2007); **citing** Clarke v. Blais, 473 F.Supp. 2d 124, 129 (D. Me. 2007).

In the case at hand the only portion of Rodríguez Rodríguez' 2555 Petition submitted in the English language is the following paragraph:

> as to defendants 3 and 4 the drug amount was stipulated between 2 and 3.5 kilos. As to defendant 1 the drug amount was stipulated between 5 and 15 kilos of cocaine. As to defendant 2, the drug amount was stipulated between 3.5 and 5 kilos of cocaine.[2]

(d.e. 1 at p. 11).

To a non-Spanish speaker, the complaint is for all practical purposes blank and unsupported. The general rule is that documents and pleadings filed

---

[2] Petitioner is defendant number six (6) of the Indictment.

in the Spanish language and not accompanied by an English translation cannot be entertained by the court.  Local Rule 5(g), United States District Court for the District of Puerto Rico.  See Collazo-Perez v. Puerto Rico, 100 F.Supp. 3d 88 (D.P.R. 2015); Esteves Gonzales v. Embajada de la Republica Dominicana, 497 F.Supp. 2d 279 (D.P.R. 2007); Class v. Commonwealth of Puerto Rico, 309 F.Supp. 2d 235 (D.P.R. 2004); Quiñones v. Puerto Rico Hospital Supply, Inc., 307 F.Supp. 2d 352 (D.P.R. 2004); Garcia-Clavelo v. Nogueras Cartagena, 2010 WL 4273924 at *2 (D.P.R. Oct. 29, 2010); Valle-Nieves v. Pereira-Castillo, 2010 WL 597367 at *1 (D.P.R. Feb. 11, 2010).

The court has transcribed the only paragraph that is written in the English language.  The same does not state a cognizable claim nor raises a viable argument.  Merely stating the drug quantities to which co-defendants were held accountable does not put this court in a position to resolve a controversy, for none has been stated. "Judges are not mind readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly.'" Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988), or else forever hold its peace. Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). The paragraph submitted by Petitioner in the English language fails to state a viable claim and as such cannot be evaluated by the court.

Furthermore, the language of the United States District Court is English. The pleadings are in Spanish.  The defect as to form is therefore fatal. Collazo-Perez at 95.  As such the court must **Dismiss with Prejudice** Rodríguez Rodríguez' 2255 Petition for Relief.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Wilfredo Rodríguez Rodríguez is not entitled to federal habeas relief on the claim presented. Accordingly, it is ordered that Petitioner Wilfredo Rodríguez Rodríguez' request for habeas relief under 28 U.S.C. § 2255 (**d.e. 1**) is DENIED and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DISMISSED, WITH PREJUDICE.

### IV. CERTIFICATE OF APPEALABILITY

For the reasons previously stated, the Court hereby DENIES Petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on September 26, 2019.

S/GUSTAVO A. GELPÍ
Chief U.S. District Judge